IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE18 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, | : : : : : : | |
| Plaintiff, | : : | Civil Action No. |
| v. | : : | |
| AM BEAVER FALLS HOTEL, L.P., | : : | |
| Defendant. | : | |

**COMPLAINT IN MORTGAGE FORECLOSURE**

Plaintiff,  Wells Fargo BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Holders of COMM 2014-CCRE18 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Lender" or "Plaintiff") acting by and through its special servicer Rialto Capital Advisors, LLC, for its complaint against Defendant AM Beaver Falls Hotel, L.P. avers as follows:

## I.    Parties, Jurisdiction and Venue.

1.    Plaintiff is Wells Fargo BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Holders of COMM 2014-CCRE18 Mortgage Trust Commercial Mortgage Pass-Through Certificates, by and through non-party Rialto Capital Advisors, LLC, its special servicer and attorney-in-fact.  Plaintiff is a national banking association organized under the National Bank Act, with its main office, as designated in its articles of association, located in Sioux Falls, South Dakota, and is deemed to be a citizen of the State of South Dakota.

2.     Defendant AM BEAVER FALLS HOTEL, L.P. ("Defendant") is a Pennsylvania limited partnership with its principal place of business at c/o The Melohn Group, LLC., 145 West 57th Street, 9th Floor, New York, New York 10019.  Defendant's General Partner, AM Hotel Acquisition LLC, is a Delaware Limited Liability Company whose sole member 200 West 15th L.L.C. is a New York Limited Liability Company.  Upon information and belief none of the partners of Defendant or the members of the Defendant's General Partner are citizens of the State of South Dakota.

3.     Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4.     Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real property that is the subject of this action is situated in this District.

## II.     <u>The Loan Transaction</u>

5.     On or about May 12, 2014, Cantor Commercial Real Estate Lending, L.P., ("Original Lender ") and AM Indiana Hotel L.P., AM Clarion Hotel, L.P., AM Uniontown Hotel L.P. and Defendant as Borrowers (each a "Borrower" and collectively "Borrowers") and Greatstay Hospitality Partners LLC., and WestPenn Hotels, LLC, as Operator, executed that certain Loan Agreement (the "Loan Agreement") governing a loan to Borrowers in the original principal amount of $13,420,000.00 (the "Loan").   A true and correct copy of the Loan Agreement is attached hereto and made a part hereof as Exhibit "A".

6.     The Loan was subsequently securitized and assigned by Original Lender to Plaintiff (the "Loan Assignment") and, *inter alia*, on or about June 27, 2014 Original Lender

executed and delivered to Lender that certain Omnibus Assignment, a true and correct of which is attached hereto and made a part hereof as Exhibit "B".

7.      Pursuant to the Loan Agreement on or about May 12, 2014, Borrowers executed and delivered a Promissory Note (the "Note") to Original Lender in the face amount of $13,420,000.00 to further evidence the terms of the Loan and Borrowers' obligations to repay the Loan. The Note was assigned to Lender.  See Exhibit "B".  A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "C".

8.      To secure payment of the sums due under the Note, Defendant executed and delivered to Original Lender an Open End Mortgage, and Security Agreement (the "Mortgage") dated as of April 7, 2014, effective as of May 12, 2014, which was recorded with the Office of the Recorder of Deeds of Beaver County, Pennsylvania (the "Recorder's Office") on May 14, 2014 as Instrument  No. 3476183, granting Lender a lien, mortgage and security interest in the real property generally known as 7195 Eastwood Drive, Tax Parcel I.D. 53-06-0307.000, Beaver Falls, Beaver County, Pennsylvania 15010 (the "Mortgaged Premises") and a security interest in all of Defendant's personal property (the "Personalty" and together with the Mortgaged Premises, collectively the "Collateral").  A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "D".

9.      The Mortgage was assigned to Lender pursuant to that certain Assignment of Open End Mortgage and Security Agreement (the "Assignment of Mortgage") dated as of June 27, 2014, and recorded with the Recorder's Office on October 7, 2014 as Instrument No. 3489302.  A true and correct copy of the Assignment of Mortgage is attached hereto and made a part hereof as Exhibit "E".

10.     To further secure payment of the sums due under the Note, Defendant executed and delivered to Original Lender an Assignment of Leases and Rents (the "Lease Assignment") dated as of April 7, 2014, but effective May 12, 2014, and recorded with the Recorder's Office on May 14, 2014 as Instrument No. 3476184.  A true and correct copy of the Lease Assignment is attached hereto and made part hereof as Exhibit "F".

11.     The Lease Assignment was assigned to Lender pursuant to an Assignment of Assignment of Leases and Rents (the "Assignment of Lease Assignment") dated as of June 27, 2014 and recorded with the Recorder's Office on October 7, 2014 as Instrument No. 3489303.  A true and correct copy of the Assignment of Lease is attached hereto and made a part hereof as Exhibit "G".

12.     The security interest granted to Original Lender in the Personalty was perfected by the filing of UCC-1 Financing Statements (collectively the "UCC-1s") recorded with the Recorder's Office on May 14, 2014 as Instrument No. 3476185 and also filed with the Secretary of the Department of State for the Commonwealth of Pennsylvania on May 28, 2014 as File No. 2014052905176. True and correct copies of the filed UCC-1s are attached hereto and made a part hereof as Exhibit "H".

13.     The UCC-1s were assigned to Lender pursuant to UCC Financing Statement Amendments (the "First UCC-3s) recorded with the Recorder's Office on October 7, 2014 and filed with the Secretary of the Department of State for the Commonwealth of Pennsylvania on August 4, 2014.

14.     The Note, Mortgage, Lease Assignment, UCC-1s, Assignment of Mortgage, Assignment of Lease Assignment, First UCC-3s and all other documents evidencing the Loan are collectively referred to herein from time to time as the "Loan Documents".

### III.    Defendant's Defaults under the Note and Mortgage

15.    Defendant is in default of its obligations to Plaintiff by virtue of various events, including, without limitation, Defendant's failure to make payment when due of amounts payable on account of the Loan.  Among other things, Defendant failed to make the payments of principal and interest due under the Loan Documents beginning as of February 2017 through this date, Defendant has failed to complete planned improvements to Mortgaged Premises, Defendant has failed to deposit the required sums into Tax and Insurance Escrow and the required FF&E Reserve Payment as required under the Loan Agreement and Defendant has failed to pay its franchise fees (the "Events of Default").

16.    By letter dated March 24, 2017 (the "Default Letter") Plaintiff declared the Loan in default and, in accordance with the terms of the Loan Documents, made demand on Borrowers, including Defendant, to cure the monetary Events of Default under the Loan Documents. A true and correct copy of the Default Letter is attached hereto and made a part hereof as Exhibit "I".

17.    Borrowers, including Defendant, failed to cure the Events of Default and by Demand Letter dated May 26, 2017 (the "Demand Letter"), Lender declared all amounts under the Note to be immediately due and payable and made demand upon Borrowers, including Defendant, for  repayment of the amounts due under the Note and Mortgage. A true and correct copy of the Default Letter is attached hereto and made a part hereof as Exhibit "J".

18.    Notice pursuant to the Homeowner's Emergency Mortgage Assistance Act of 1983, 35 P.S. § 1680.401c et seq. as amended by 12 Pa. Code, Chapter 31 (the "Combined Act 91 Notice") is not required, as Defendant is not a natural person and none of the Mortgaged Premises is the principal residence of the Defendant.

19.     Notwithstanding notice and demand, Borrowers, including Defendant has failed to repay the obligations under the Note.

20.     As of May 6, 2017, Defendant owes to Lender the following amounts:

| | |
|---|---:|
| Principal Payment Due: | $ 12,411,729.59 |
| Interest from 12/6/2016 To: 5/6/2017 at 5.0535% | $ 263,086.78 |
| Default Interest 1/6/2017 To: 5/6/2017 at 5.0000% | $ 206,862.16 |
| Interest On Advances | $ 2,353.59 |
| Late Charges | $ 22,632.58 |
| Processing Fee | $ 2,650.00 |
| <u>Prepayment Premium Calculation  (Subject to Adjustment)</u> | <u>$ 981,678.26</u> |
| TOTAL: | $ 13,890,992.96 |

<u>plus</u> interest accruing each day thereafter at the Default Rate specified under the Loan Documents, late charges, costs, attorneys' fees, prepayment / yield maintenance fees, and certain other recoverable amounts under the Loan Documents (collectively the "Debt").

21.     The Mortgage provides, in relevant part, that upon the occurrence of any Event of Default, Lender may take such action against the Mortgaged Premises and Collateral as permitted by law including, *inter alia,* (a) declaring the Debt to be immediately due and payable, (b) instituting foreclosure proceedings under the Mortgage in which case the Mortgaged Premises, or any interest therein, may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; (c) instituting proceedings for the partial foreclosure of the Mortgage; (d) selling the Mortgaged Premises and any portion thereof for cash or credit, (e) applying for the appointment a receiver of the Mortgaged Premises, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrowers including Defendant; and (f) pursuing such other remedies as Lender may have under applicable law.  *See* Exhibit "E", ¶7.1

22.     The Defendant is the record and real owner of the Mortgaged Premises.

23.     There has been no assignment, release or transfer of the Note, the Loan Agreement, the Mortgage, the Assignment, or the other Loan Documents by the Plaintiff.

24.     Any interest or lien which Defendant has, or may claim to have, in or upon the Mortgaged Premises, or any part thereof, is subject and subordinate to the lien of the Mortgage.

WHEREFORE, Plaintiff, Wells Fargo BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Holders of COMM 2014-CCRE18 Mortgage Trust Commercial Mortgage Pass-Through Certificates, hereby demands an *in rem* judgment in its favor and against the Defendant as follows:

A.     Foreclosing all right, title, lien and equity of redemption which said Defendant and all those claiming by, through or under it has or had in the Mortgaged Premises located at 7195 Eastwood Drive, Tax Parcel I.D. 53-06-0307.000, Beaver Falls, Beaver County, Pennsylvania 15010 and ordering that said property be sold at foreclosure sale;

B.     Fixing the amount due under the Note and Mortgage at $13,890,992.96 for the amounts set forth above, together with continuing per diem regular interest thereon from and after May 6, 2017, until the Mortgaged Premises is sold at foreclosure sale, together with continuing per diem default interest thereon, together with any all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees; and

C.     Ordering such other relief as this Honorable Court shall deem appropriate.

Dated: May 31, 2017

Respectfully Submitted,

TUCKER ARENSBERG, P.C.

/s/  *Beverly Weiss Manne*
Beverly Weiss Manne, Esquire
Pa. I.D. # 34545
Judith K. Fitzgerald, Esquire
Pa. I.D. # 18110
Jillian Nolan Snider, Esquire
Pa. I.D. # 202253
Michael C. Mazack, Esquire
Pa. I.D. #205742

1500 One PPG Place
Pittsburgh PA 15222
Telephone: (412) 566-1212
Email:  bmanne@tuckerlaw.com
        jfitzgerald@tuckerlaw.com
        jsnider@tuckerlaw.com
        mmazack@tuckerlaw.com

Counsel for Plaintiff Wells Fargo BANK,
NATIONAL ASSOCIATION, as Trustee for the
Benefit of the Holders of COMM 2014-CCRE18
Mortgage Trust Commercial Mortgage Pass-Through
Certificates